WILLIAM BAY ET AL. v. SYLVANIA (VIL.).
ERNEST H. CUSHMAN ET AL. v. SYLVANIA (VIL.).

PROCEEDINGS TO DETACH REAL ESTATE FROM MUNICIPALITIES ARE NOT APPEALABLE.

Proceedings to detach unplatted farm lands from municipalities, provided for by Gen. Code 3578, 3579, are not civil actions appealable under Gen. Code 12224.

MOTION to dismiss appeal.

*Ray & Cordill* and *B. L. Hart*, for plaintiffs.
*E. C. Froehlich*, for defendants.

Bay v. Sylvania (Vil.).

## KINKADE, J.

These were proceedings in the court of common pleas under Gen. Code 3578, 3579 to detach certain farm lands from the village of Sylvania. The court of common pleas found upon a hearing that the lands should be detached as prayed for and judgments were entered accordingly. The village of Sylvania brings the cases here on appeal, and the plaintiffs in the actions have filed in this court motions to dismiss the appeals on the ground that they are not civil actions, and therefore not actions that can be appealed to this court under Gen. Code 12224.

The sole question presented here is whether or not this is a civil action and is appealable under the section of the code above referred to.

We think a good deal of doubt has existed among the members of the bar as to whether a proceeding to detach real estate from an incorporated village under Gen. Code 3578 and 3579 is in fact a civil action. In fact some appeals have been perfected and heard without the question being raised by either side as to whether the right of appeal existed, and were it not for a decision of the Supreme Court of Ohio, rendered in 1907, to which our attention has been called in this case, the subject would not be free from doubt with us. The case to which we refer is that of *Hicksville* v. *Bricker*, being a decision of the circuit court in Defiance county, and mentioned in an editorial note in 52 Bull. 101. This decision of the circuit court was afterwards affirmed by the Supreme Court in *Hicksville* v. *Bricker*, no op., 76 Ohio St. 563.

In that case, like the one at bar, a judgment was entered detaching the real estate from the village as prayed for in the petition, and thereafter an appeal was taken to the circuit court, and in that court a motion was filed to dismiss the appeal on the ground that the case was not appealable, not being a civil action. This was the sole question presented to the circuit court, and upon hearing the circuit court dismissed the appeal.

The counsel for the plaintiffs here has secured and presented to us the printed record in *Hicksville* v. *Bricker, supra,* together with the briefs of counsel on both sides, and also a

Lucas County.

certified copy of the mandate from the Supreme Court, all of which we have examined with care.

Gen. Code 11237 defining a civil action was taken from an opinion of the Supreme Court in *Missionary Society* v. *Ely,* 56 Ohio St. 407 [47 N. E. Rep. 537], and the reply brief in *Hicksville* v. *Bricker, supra,* calls attention specifically to this definition given by the Supreme Court, as to what constitutes a civil action. The whole subject was very thoroughly and very ably presented to the Supreme Court in the briefs of counsel in the Hicksville case. There was but one question in that case, to wit, the question as to whether a proceeding of this kind is a civil action, and therefore appealable to the circuit court, and the Supreme Court having affirmed the circuit in dismissing the appeal, the decision of the Hicksville case is controlling here, and upon that authority, the motion of plaintiffs to dismiss the appeal in this case must be granted.

**Wildman** and **Richards, JJ.,** concur.